"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA VILLA PADILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 05-5924 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS").

## II. BACKGROUND

Plaintiff was born on June 2, 1948, and was 56 years old at the time of the administrative hearing. [Administrative Record ("AR") at 23, 69, 287.] Plaintiff has no formal education and is not literate in English. [AR at 23.] Plaintiff has past work

Page 1

1 experience as a sewing machine operator. [AR at 23.]

2 Plaintiff filed an application for SSI on August 30, 2002. [AR at 19, 69-72.] Plaintiff claims that she has been disabled since June 15, 1999, due to obesity, dislocated disks, anxiety, frustration, depression, uncontrollable head shaking, suicidal ideation, and mastectomy of both breasts. [AR at 19, 79.] Plaintiff's application was denied initially and on reconsideration. [AR at 35-38, 40-44.] At Plaintiff's request, a hearing was held before an ALJ on August 19, 2004. [AR at 283-300.] On August 27, 2004, the ALJ issued a decision denying Plaintiff's application for SSI. [AR at 19-25.] When the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner. [AR at 6-8.] Plaintiff then commenced this action for judicial review.

## III. DISCUSSION

### A. Standard of Review

This Court must review the record as a whole and consider adverse as well as supporting evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled must be upheld if the ALJ's findings are supported by substantial evidence in the record and the proper legal standards were applied. *See Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990). The harmless-error rule applies. *Id.* at 1131. "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). It is further defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971). The ALJ is responsible for determining credibility, resolving conflicting testimony, resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir. 1996). Consequently, inferences and conclusions as the ALJ may reasonably draw from

the evidence are upheld. *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

To collect DIB or SSI benefits, Plaintiff must suffer from a "disability." 42 U.S.C. §§ 423(a)(1)(D); 1382(a). To be disabled within the meaning of the Act, a claimant must suffer from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A); 1382c(a)(3)(A). The impairment must be of "such severity that [the claimant] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B). The claimant has the burden of showing that she or he is disabled. 42 U.S.C. §§ 423(d)(5); 1382c(a)(3)(H)(i); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990).

**B.     The Five-Step Sequential Analysis**

The Social Security Regulations use a five-step sequential analysis for making DIB and SSI disability determinations. 20 C.F.R. §§ 404.1520, 416.920. The first step asks whether the claimant is working. The second step asks whether the claimant has a "severe" impairment, which is defined as an impairment which "significantly" -- more than minimally -- limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). However, this step two determination is "'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (internal citations omitted). The third step asks whether the claimant has an impairment which meets or equals the criteria of any impairment identified in the appendix to the Social Security Regulations commonly referred to as the "Listings." *Id*.

The fourth and fifth steps require that the ALJ assess the claimant's residual functional capacity ("RFC"). RFC is a determination of a claimant's remaining abilities

to perform work. 20 C.F.R. §§ 404.1545, 416.945(a). In determining a claimant's physical limitations, the ALJ considers the claimant's ability to lift weight, sit-stand, push-pull, etc. 20 C.F.R. §§ 404.1545(b), 416.945(b). Mental, environmental and other limitations such as the ability to see and hear are also part of the RFC determination. 20 C.F.R. §§ 404.1545(c) and (d), 416.945(c) and (d). A claimant's limitations are categorized as either exertional or non-exertional; exertional limitations are those based upon strength considerations alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989). Non-exertional limitations are unrelated to strength and include "mental, sensory, postural, manipulative, and environmental limitations." *Id*. The exertional requirements of work are classified as sedentary, light, medium, heavy and very heavy. 20 C.F.R. §§ 404.1567, 416.967.

Once the RFC is determined, the fourth step asks whether the claimant can perform his or her past relevant work; at this step the claimant also has the burden of proving he or she is unable to perform past relevant work.

At the fifth step in the analysis, the burden shifts to the Commissioner to prove that the claimant, based on his or her age, education, work experience, and residual functional capacity, can perform other substantial and gainful work existing in the regional or national economy. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner can satisfy this fifth step burden by either (1) applying the Medical-Vocational Guidelines (the "Grids") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00, or (2) taking the testimony of a Vocational Expert ("VE"). *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). However, the Commissioner cannot rely upon the Grids and must use a VE where the claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the claimant's ability to perform the full range of sedentary, light, or medium work. *Id*.

If the answer to any of the questions in the five-step analysis establishes the claimant is or is not disabled, the evaluation ends. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Bowen v. Yuckert*, 482 U.S. at 140.

In the decision denying benefits, the ALJ determined Plaintiff had not engaged in substantial gainful activity since her alleged onset date. [AR at 20.] While the ALJ found Plaintiff suffers from the severe impairments of obesity, lower back and joint pain, and a benign/essential tremor of the head and hands, the ALJ determined that Plaintiff's impairments did not meet or equal one of the impairments in the Listings. [AR at 20.] In assessing RFC, the ALJ found that Plaintiff was capable of performing medium work, that is limited to simple tasks involving no difficulty. [AR at 23.] The ALJ further found Plaintiff's mental impairment, dysthymia, resulted in only mild restrictions in daily activities, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, and pace, and no episodes of decompensation. [AR at 23.] Given Plaintiff's RFC, the ALJ determined that Plaintiff was capable of performing her past relevant work as a sewing machine operator. [AR at 23.]

**C.    Analysis of Disputed Issues**

Plaintiff asserts that the ALJ erred by: (1) failing to properly assess Plaintiff's mental impairment, and (2) failing to properly consider Plaintiff's subjective symptom testimony and a lay witness statement. The Commissioner disagrees.

**1.    Plaintiff's Mental Impairment**

At the administrative hearing, medical expert Glenn Griffin, Ph.D., testified regarding Plaintiff's mental impairment. [AR at 57-67, 294-96.] Based on the reports of two examining psychiatrists, Dr. Griffin opined that Plaintiff suffers from dysthymia. [AR at 152-56, 185-89, 294-95.] Dr. Griffin stated that Plaintiff would have no limitations in performing simple work, and only mild restrictions in performing detailed or complex tasks. [AR at 295.] When asked about his observations of Plaintiff at the hearing, however, Dr. Griffin stated that Plaintiff's presentation and testimony were consistent with major depressive disorder. [AR at 296.] Dr. Griffin further stated that the examining psychiatrists were likely to have underestimated the severity of Plaintiff's depression. [AR at 296.] He explained that Plaintiff's depression had an element of chronicity, as it had persisted from at least November 2000, through March 2004. [AR

1  at 295.]  He also noted that the examining psychiatrists' reports did not reflect any
2  observations concerning Plaintiff's testimony or presentation.  [AR at 295.]
3        The ALJ "relied" on Dr. Griffin's opinion in assessing Plaintiff's RFC.  [AR at 23.]
4  However, the ALJ did not address Dr. Griffin's finding that Plaintiff's depression was
5  actually more severe than as assessed by the examining physicians.  [AR at 22-23.]
6  Because there is no indication in the record that the ALJ gave controlling weight to the
7  opinion of a treating physician or psychologist, the ALJ erred by failing to articulate a
8  reason for rejecting that aspect of Dr. Griffin's opinion.  20 C.F.R. § 416.1527(f)(2)(ii)
9  ("[u]nless the treating source's opinion is given controlling weight, the administrative law
10 judge must explain in the decision the weight given to the opinions of a State agency
11 medical or psychological consultant or other program physician or psychologist"); *see*
12 *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(an ALJ must explain why
13 significant, probative evidence was rejected); *see also* Social Security Ruling ("SSR")
14 96-8p ("The RFC assessment must always consider and address medical source opinions.
15 If the RFC assessment conflicts with an opinion from a medical source, the adjudicator
16 must explain why the opinion was not adopted").  Although Dr. Griffin did not find that
17 Plaintiff's mental impairment was disabling, the ALJ was still required to consider all of
18 the limitations associated with her mental impairment in determining her RFC.  *See* 42
19 U.S.C. § 423(d)(2)(B) ("In determining whether an individual's physical or mental
20 impairment or impairments are of a sufficient medical severity that such impairment or
21 impairments could be the basis of eligibility under this section, the Commissioner of
22 Social Security shall consider the combined effect of all of the individual's impairments
23 without regard to whether any such impairment, if considered separately, would be of
24 such severity."); 20 C.F.R. § 416.1545(e)("we will consider the limiting effects of all
25 your impairment(s), even those that are not severe, in determining your residual
26 functional capacity").  Consequently, the ALJ's consideration of Dr. Griffin's opinion is

not supported by substantial evidence.[1]

## IV. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: June 21, 2006        /s/ Arthur Nakazato
                            ARTHUR NAKAZATO
                            UNITED STATES MAGISTRATE JUDGE

---

[1] Because the ALJ failed to give proper consideration to Dr. Griffin's opinion and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the Commissioner consider all of Plaintiff's arguments when determining the merits of her case on remand. In addition, the Commissioner should evaluate whether Plaintiff would have the ability to perform her past relevant work of sewing machine operator, Dictionary of Occupational Title No. 786.682-174 (SVP 4), given the full extent of her limitations.